# IN THE UNITED STATES DISTRICT COURT
# FOR THE MARYLAND

| | |
|---|---|
| **ABSOLUTE VISION CARE, LTD** ) <br> 5553 West 127th Street ) <br> Crestwood, Illinois 60445 ) <br> ) <br>       Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> **ABSOLUTE VISION OPTICIANS** ) <br> 119 De Anza Blvd, ) <br> San Mateo, CA 94402 ) <br> ) <br>       Defendant ) | Civil Action No._____ |

## COMPLAINT FOR DAMAGES AND DECLATORY RELIEF

Plaintiff, Absolute Vision Care (hereinafter referred to as "AVC" or "Plaintiff") for causes of action against Defendant, Absolute Vision Opticians (hereinafter referred to as "AVO" or "Defendant") alleges as follows:

## JURISDICTION AND VENUE

1. This is an action at law and in equity for trademark infringement, unfair competition, and deceptive trade practices arising from Defendant's improper use of Plaintiff's protected and trademarked name.

2. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a); and 15 U.S.C. §§ 1121,

because the claims stated herein arise under the laws of the United States or are related to such claims and are part of the same case or controversy.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or substantial part of property that is the subject of the action is situated in this District.

4. The Court has personal jurisdiction over Defendant by virtue of Defendant by virtue of Defendant transacting and doing business in this District and causing tortious injury in this District.

## THE PARTIES

5. At all times material hereto, Absolute Vision Care is and has been a limited partnership existing under and by virtue of the laws of the State of Illinois with its principal place of business located at 5553 West 127th Street, Crestwood, Illinois 60445.

6. Upon information and belief, Defendant AVO is a sole proprietorship with its principal place of business at 119 De Anza Blvd, San Mateo, CA 94402.

## FACTS COMMON TO ALL CAUSES OF ACTION
*Absolute Vision Care and its Trademarks*

7. For nearly a quarter century, Absolute Vision Care promoted the terms "Absolute" and "Absolute Vision" and in connection therewith has provided eye care related medical services using these terms. By virtue of this longstanding and consistent use, Plaintiff has come to be a well-known creator, supplier and seller of prescription glasses contact lenses and related services. The Plaintiff

adopted, promoted and has consistently used the term "Absolute" with the name of their business since at least June 1, 1991. The following federal trademark registrations for the Marks are owned by Plaintiff copies of these registrations are annexed hereto as Exhibits A and B, respectively (the "Registrations"):

a)  The trademark "Absolute Vision Care," United States Patent and Trademark Office registration No. 2,629,700 issued on October 8, 2002 for including but not limited to "Eyeglasses, prescription spectacle lenses, contact lenses and sunglasses" and

b)  The trademark "Absolute," United States Patent and Trademark Office registration No. 4,475,399 issued on January 28, 2014 issued for including but not limited to "Eyeglasses, prescription spectacle lenses, contact lenses and sunglasses."

8. The Registrations are valid and in full force and effect. They serve as prima facie evidence of (1) the validity of the Marks, and 2) Plaintiff's exclusive rights to use the Marks in connection with its goods and services.

9. Plaintiff's products and services are advertised using the Marks in magazines, at trade shows, and by other advertising and promotion customary to the trade.

10. Plaintiff's goods and services, and the Marks associated therewith, enjoy an excellent reputation in the marketplace. The Marks now designate excellent eye care medical products and services, and have gained great value in the marketplace. Plaintiff's extensive use and promotion of the Marks have made the Marks well known, identifying and distinguishing goods and services emanating from and authorized by Plaintiff.

11. Defendant is not, and has never been, authorized by Plaintiff or anyone else to use the Marks in connection with any business or service.

12. In June 2014, Plaintiff learned that Defendant, AVO, was using the Plaintiff's Marks in connection with eye care related services and was promoting the term "'Absolute Vision" while transacting business on the internet.

13. In July 2014, Plaintiff contacted Defendant advising that Defendant was infringing on the Plaintiff's Marks and Registrations. Plaintiff attempted to negotiate an amicable coexistence agreement with the Defendant. However, during these negotiations the Defendant became unavailable and all efforts to contact Defendant for such a settlement have proved futile.

14. On or about November 12, 2014, Plaintiff sent a written letter to AVO demanding that the Defendant either enter into a coexistence agreement or immediately cease and desist in all infringing use of the Marks.

15. Defendant AVO has persisted in its unlawful conduct despite being given notice of Plaintiff's Marks and Registrations, being aware of the injuries Plaintiff was suffering because of such unauthorized use, and having been given an opportunity for an amicable resolution necessitating this suit.

## FIRST CAUSE OF ACTION
**Trademark Infringement Under the Lanham Act and Common Law**

16. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

17. Defendant has used in commerce, without Plaintiff's consent, marks that so resemble Plaintiff's marks that it is likely to cause confusion with respect to the source and origin of Defendant's products and business and is likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or

association of Plaintiff with Defendant and/or to the marketing or sale of its products.

18. Defendant's acts constitute an infringement of Plaintiff's Marks, in violation of Lanham Act, 15 U.S.C. § 1114, and the common law.

19. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. Defendant will continue, unless restrained, to use marks confusingly similar to Plaintiff's Marks and will cause irreparable damage to Plaintiff.

20. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, and all persons acting in concert with Defendant, from engaging in further acts of trademark infringement.  Such harm will continue and increase until Defendant is preliminarily and permanently enjoined from its unlawful conduct.

21. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff will present the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of trademark infringement at trial.

22. Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff will demonstrate the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark infringement at trial.

23. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of damages under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### False Designation of Origin Under the Lanham Act

24. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

25. Defendant's actions as alleged herein constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

26. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. Defendant will continue, unless restrained, to use marks confusingly similar to Plaintiff's Marks and will cause irreparable damage to Plaintiff.

27. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, and all persons acting in concert with Defendant, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendant is preliminarily and permanently enjoined from its unlawful conduct.

28. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff will present the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of trademark infringement at trial.

29. Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff will demonstrate the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of false designation at trial.

30. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of damages under 15 U.S.C. § 1125.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant, as follows:

1.  For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114;

2.  For damages in an amount to be proven at trial for false designation of origin under 15 U.S. C. § 1125(a);

3.  For an injunction barring Defendant and its agents, and all other persons in active concert, privity or participation with it, from doing, abiding, causing, or abetting any direct or indirect use of Plaintiff's Marks, in any way, including in advertising, promoting or selling Defendant's products and services, which infringe upon Plaintiff's rights or compete unfairly with Plaintiff;

4.  For an order compelling Defendants to provide an accounting of their costs, revenues and the profits realized from the use of the infringing marks;

6.  For all costs of suit including an award of attorney's fees; and

7.  For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action.

Respectfully Submitted,

James A. Powers, Esq.
Emerging Strategies, LLP
Counsel to Plaintiff
7416 Lynnhurst Street
Chevy Chase, MD  20815
301-915-0950 (x702)
jpowers@emergingstrategies.com